UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**BB ISLAND CAPITAL, LLC,**   Chapter 11
    Debtor   Case No. 15-13105-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

The matter before the Court is the Motion of Debtor Pursuant to Fed. R. Civ. P. 59(e) and Fed. R. Bankr. P. 9023 to Alter and Amend this Court's order dated November 5, 2015, granting the Motion of East Boston Savings Bank for Relief from the Automatic Stay pursuant to 11 U.S.C. § 362(d)(1) and (d)(2) (the "Lift Stay Motion"), together with a Request for Expedited Consideration (the "Motion to Alter and Amend"). Through its Motion to Alter and Amend, BB Island Capital, LLC (the "Debtor") essentially requests this Court to vacate its order and reinstate the automatic stay. East Boston Savings Bank ("EBSB") filed an Opposition to the Debtor's Motion. The Debtor also filed a Motion to Add an Exhibit to the Motion to Alter and Amend.

For purposes of ruling on the Debtor's Motion to Alter and Amend, the Court incorporates by reference its Memorandum dated November 5, 2015 and all defined terms used therein. To succeed on its Motion to Alter and Amend, the Debtor must present "newly discovered evidence" or demonstrate "a manifest error of law or fact." *See* Witkowski v.

Boyajian (In re Witkowski), 523 B.R. 300, 307 (B.A.P. 1st Cir. 2014) (citing Banco Bilbao Vizcaya Argentaria P.R. v. Santiago Vázquez (In re Santiago Vázquez), 471 B.R. 752, 760 (B.A.P. 1st Cir 2012), and Aybar v. Crispin–Reyes, 118 F.3d 10, 16 (1st Cir.1997)).  As noted by the United States Bankruptcy Appellate Panel for the First Circuit in In re Witkowski, a Rule 59(e) motion cannot be used to rehash arguments previously rejected, particularly where reconsideration of a judgment under Rule 59(e) is "an extraordinary remedy, which is used sparingly and only when the need for justice outweighs the interests set forth by a final judgment." In re Witkowski, 523 B.R. at 307-08 (citation omitted).  For the reasons set forth below, the Court concludes that the Debtor has failed to satisfy the standard applicable to its Motion to Alter and Amend.

The Debtor, citing Grella v. Five Cent Savs. Bank, 42 F.3d 26 (1st Cir. 1994), contends that this Court made a manifest error of law by failing to consider the Debtor's counterclaim against East Boston Savings Bank ("EBSB") because the counterclaims and defenses have a direct bearing on its equity in its four properties, namely 173B Norfolk Avenue, Boston, Massachusetts; 30-40 Batterymarch Street, Boston, Massachusetts; 261 Marlborough Street, Unit 5, Boston, Massachusetts; and 239 Commonwealth Avenue, Unit 10, Boston Massachusetts (collectively, the "Four Properties").

The Court rejects the Debtor's argument that it did not consider its counterclaims in determining the Lift Stay Motion.  The Court, in fact, did consider the counterclaim and reviewed all exhibits produced by the Debtor and EBSB relating to the civil action commenced by the Debtor against EBSB now pending in the Suffolk Superior Court,

2

Department of the Trial Court. Indeed, for purposes of ruling of the Lift Stay Motion, the Court adopted the material facts set forth in the Verified Complaint and Request for Injunctive Relief filed by the Debtor in the Superior Court on July 30, 2015, as well as those facts admitted by the Debtor in its Response to the Lift Stay Motion. The Debtor's Verified Complaint, which is based upon its claims that EBSB controlled and mismanaged the stalled development of the property located at 20 Parmenter Street and 244-246 Hanover Street, Boston, Massachusetts (the "Project") and owned by Hanover Parmenter Union LLC ("Hanover Parmenter"), contained four counts as follows: Count I - Breach of Fiduciary Duty; Count II - G.L. c. 93A; Count III - Equitable Estoppel; and Count IV - Injunctive Relief. This Court noted in its November 5, 2015 Memorandum that the Debtor specifically alleged that EBSB should be estopped from foreclosing on the additional collateral, namely the Four Properties, because of its representations that it would complete the Project. The Court considered the Debtor's claims against EBSB, but afforded them little weight based upon the entire record of proceedings, especially in light of the Superior Court's denial of the Debtor's request for preliminary injunctive relief due to an absence of any likelihood of success on the merits.

The Debtor also contends that this Court erred in concluding that the Debtor had authority to execute the original Guaranty, as well as the amendment to that Guaranty, which amendment the Court did not consider in assessing the Debtor's equity in the Four Properties. The Debtor points to its Response to the Statement of Counsel for EBSB Regarding Amendment to Guaranty of BB Island Capital, LLC filed on October 19, 2015. In

that document, the Debtor stated that EBSB had not shown that the original Guaranty was executed with full authority of the Debtor because the "Consent of Members" produced by the Bank is undated, adding that there is not an accurate accounting of the member ship interests contained within the Consent.

The Court rejects the Debtor's assertions with respect to the original Guaranty. If the original Guaranty of the Hanover Parmenter Union LLC obligation was unauthorized, the Debtor's conduct in executing notes on April 20, 2012 and May 4, 2012 secured, at that time, by second and third mortgages on the Four Properties would be inexplicable.[1] Moreover, in its initial Response to the Lift Stay Motion, the Debtor did not challenge the Guaranty. Indeed, in its Response to the Lift Stay Motion it admitted that it guaranteed the Hanover Parmenter note and granted EBSB a mortgage on each of the Four Properties to secure the Guaranty. It also admitted that it executed the original Guaranty during the hearing in the Superior Court on its request for a preliminary injunction. These admissions are consistent with the Debtor's Schedules of Assets and Liabilities, which were filed approximately one week after the Lift Stay Motion. On Schedule D - Creditors Holding Secured Claims, the Debtor did not list the April 20, 2012 and May 4, 2012 mortgages as contingent, unliquidated or disputed, and, more importantly, stated unequivocally under penalty of perjury the following:

---

[1] On May 1, 2015, EBSB filed a subordination of the first mortgage securing the Guaranty to the April 20, 2012 mortgage and the May 4, 2012 mortgage that was recorded at the Suffolk County Registry of Deeds. The effect of the subordination was to make the April 20, 2012 mortgage the first mortgage, the May 4, 2012 mortgage the second mortgage, and the mortgage securing the Guaranty the third mortgage.

>The Debtor is the guarantor of a loan to Hanover Parmenter Union LLC, which guarantee is secured by real estate listed on Schedule A. The primary obligor, Hanover Parmenter Union, LLC owns collateral with a value of at least $14,100,000.00.[2]

The Debtor's attack on the original Guaranty appears to this Court to have been a last ditch effort to stave off allowance of the Lift Stay Motion, although the Court's decision on the Lift Stay Motion does not preclude the Debtor from proceeding with any and all of its claims against EBSB and Whipple Construction in an appropriate forum. Acceptance of the Debtor's current position would require this Court to disregard both the original Guaranty and the amendment to it. As noted above, this Court did not consider the amendment to the Guaranty in assessing the Debtor's equity in the Four Properties. This Court concludes, however, that there is no basis in fact or law to disregard the original Guaranty in its totality. Determination of the validity of the original Guaranty would require the commencement of an adversary proceeding attendant discovery, and the testimony of numerous witness. In short, <u>Grella v. Five Cent Savs. Bank</u>, 42 F.3d 26 (1st Cir. 1994), does not require this Court to accept the argument made by the Debtor in its Motion to Alter and Amend. Moreover, the Court considered, and has reconsidered the Debtor's counterclaims and defenses, and concludes that there was, and is, no basis in fact or law, at this juncture, to disregard the original Guaranty for purposes of determining either the Lift Stay Motion or the Motion to Alter and Amend.[3]

---

[2] The Debtor also listed Hanover Parmenter as a co-debtor on Schedule H - Codebtors.

[3] The Debtor challenges this Court's statement that Perroncello was aware of the increase in the Hanover Parmenter loan amount and the amendment to the Guaranty.

5

Finally, the Debtor asserts that this Court erred in determining that there was no plan of reorganization in prospect, going so far as to state: "[t]he Court did not request a specific outline of a plan or even suggest at this early stage a plan would be dispositive of the Banks [sic] Relief From Stay Motion." This argument is unsound and frivolous as it is not this Court's obligation to ask the Debtor if it intends to satisfy its statutory burden of proof under 11 U.S.C. § 362(d)(2)(B). *See* 11 U.S.C. § 362(g). The Debtor initially made no attempt to satisfy its burden of proof that a plan of reorganization was in prospect, *see* United Sav. Assoc. of Texas v. Timbers of Inwood Forest Assocs., Ltd, 484 U.S. 365 (1988), and has only now attempted to satisfy its burden in its Motion to Alter and Amend. The Debtor's attempts to satisfy its burden now with references to potential sources of financing and to the sale of certain properties to increase liquidity is unavailing.

Even were the Court to consider the Debtor's contention in its Motion to Alter and Amend that it has a plan in prospect, the Court concludes that the outline of possible plans set forth in the Debtor's recent submissions are wholly inadequate. The Debtor contends it can propose a plan based upon EBSB having an allowed claim of approximately $1,200,000.00, which it would pay in full pursuant to a refinancing of EBSB's loan. The Debtor states that "[i]f the Debtor is unable to secure refinancing, an Affiliated Entity of the Debtor is in the process of selling certain of its properties in order to increase liquidity and raise in excess of $4,000,000.00." The Debtor also contends that "prospects are good to refinance the bank's debt on the Hanover Parmenter project in the amount of $12,500,000.00,"

---

Because the Court did not utilize the increased loan amount in its calculation of equity, this attribution of error is without merit.

a sum that is both less than the amount owed by Hanover Parmenter and the appraised value of the Project. The Debtor filed a Motion to Add Exhibit to its Motion to Alter and Amend. That exhibit contains a letter, dated November 18, 2015, almost two weeks after the date of this Court's order granting the Lift Stay Motion, from "UC Funds," addressed to Stephen Smeke of GoldCoast Commercial Mortgage, LLC regarding an entity identified as "AAA Boston RE, LLC." The letter contains terms for "[a] possible scenario for the North End Refi." The Court concludes that that letter neither satisfies the standard for a "plan in prospect," nor the standard for "newly discovered evidence." The Court agrees with EBSB that the Debtor's proposals are little more than "unsubstantiated hope."

In view of the foregoing, the Court shall enter and order sustaining EBSB's Opposition and denying the Motion to Alter and Amend.

By the Court,

*Joan N. Feeney*

Joan N. Feeney
United States Bankruptcy Judge

Dated: November 24, 2015